**Perry DIXSON, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, Office of the Sheriff Defendant–Appellee.**

**Docket No. 02–7940.**

United States Court of Appeals, Second Circuit.

Feb. 21, 2003.

Perry Dixson, Brooklyn, NY, Grace Goodman, NY, NY, for Appellee, pro se.

Present: KEARSE, B.D. PARKER, Jr., Circuit Judges, and BERMAN,* District Judge.

of New York, sitting by designation.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff–Appellant Perry Dixson appeals from a judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*) entered on July 23, 2002, granting summary judgment to the Office of the Sheriff of the City of New York ("Sheriff's Office") and dismissing plaintiff's complaint, which had asserted claims of age discrimination pursuant to 29 U.S.C. §§ 621 *et seq.*

Dixson sued the Sheriff's Office in July 1998, alleging that it had violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, by failing to hire him as Deputy Sheriff during the years 1990, 1991, and 1994. Basically, he claimed that the Sheriff's Office had rejected his application for the position of Deputy Sheriff on three occasions, and on at least one occasion, given the position to a person he considered less qualified. Furthermore, Dixson claimed that in one interview he was asked whether he thought he was too old for the position. The Sheriff's Office contended that Dixson had never properly applied for the position, and that there was no record that he had even taken the qualifying exam. The District Court dismissed the claims arising in 1990 and 1991 as time barred. Defendant subsequently moved for summary judgment on the 1994 claim, and the District Court granted the motion, dismissing the complaint. Plaintiff appeals the District Court's grant of summary judgment.

We review *de novo* the District Court's grant of summary judgment. *See Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir.1999). The District Court found that plaintiff had failed to make out a prima facie case of age discrimination because he had failed to show that he was qualified for the position or that he had applied for the position and been rejected. Alternatively, the District Court found that Dixson had failed to rebut defendant's proffer of a legitimate, nondiscriminatory reason for failing to hire him, specifically, that he had failed to take and pass the qualifying exam. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Farias v. Instructional Systems, Inc.*, 259 F.3d 91, 96–98 (2d Cir.2001).

Dixson did not offer any proof that he took the qualifying exam, and admitted at his deposition that he did not know whether he had actually taken the exam. Moreover, he admitted that he failed to provide his address on the application to take the exam, which resulted in the application not being processed. Because taking the qualifying exam was a requisite for the position, Dixson failed to demonstrate that he was qualified for the position. In addition, because he did not properly complete the application, he failed to demonstrate that he applied for the position and was rejected. Because Dixson failed to establish the second and third elements of a prima facie case of age discrimination, *see Farias*, 259 F.3d at 98, we conclude that the District Court appropriately dismissed the complaint. We therefore affirm the judgment.

For the foregoing reasons, the judgment of the district court is AFFIRMED.